IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **PASTERNAK & FIDIS, P.C.** | * | |
| | * | |
| APPELLANT, | * | |
| v. | | Case Nos.:   GJH-14-01308 |
| | * | GJH-14-01307 |
| | * | |
| **ROBERT H. WILSON, ET AL.** | | |
| | * | |
| APPELLEES. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This case is before the Court on appeal from the order of Bankruptcy Judge Wendelin I. Lipp, denying Pasternak & Fidis, P.C.'s ("Appellant's") Motion to Intervene in Adversary Proceedings. *See* ECF Nos. 1-16, 1-19. Because this appeal involves common issues of law and fact to those that are currently pending in a similar appeal brought by Appellant that challenges the Bankruptcy Court's denial of its Motion to Intervene in Chapter 7 Bankruptcy Proceedings, the Court, *sua sponte*, ordered that appeal (No. 8:14-cv-01307) to be consolidated with the instant appeal. *See* No. 8:14-cv-01307, ECF No. 7. This opinion will therefore address both appeals in this single memorandum. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and records, and the decisional process would not be significantly aided by oral argument. *See* Fed.R.Bankr.P. 8012; *see also* Local Rule 105.6. For the reasons stated below, the Court will AFFIRM the Bankruptcy Court's orders denying Appellant's motions to intervene.

1

I.     BACKGROUND

This action arises from the United States Bankruptcy Court for the District of Maryland's denial of two motions to intervene filed by Appellant relating to bankruptcy proceedings initiated by the debtor, Dr. Robert Wilson ("Dr. Wilson"). Dr. Wilson instituted a Chapter 7 bankruptcy proceeding on December 21, 2012. *See* ECF No. 1-2 ¶ 14. As part of that proceeding, Dr. Wilson was required to complete a Schedule C, which contained a list of property exemptions claimed by the debtor. *Id.* at ¶ 24. If accepted by the Bankruptcy Court, these exemptions would permit Dr. Wilson to retain property that would otherwise become property of the bankruptcy estate and the bankruptcy trustee.

On October 14, 2013, Dr. Wilson filed an amended Schedule C with the Bankruptcy Court. *See* No. 12-bk-32715, ECF No. 128. The amended Schedule C included, for the first time, Dr. Wilson's marital home as a claimed exemption based on Dr. Wilson's assertion that the home was held jointly by him and his wife, Dr. Paula Bourelly, as tenants by the entirety. *See* ECF No. 1-8. Premier Bank, one of Dr. Wilson's creditors, objected to this claimed exemption. *See* No. 12-bk-32715, ECF No. 165. According to Premier Bank, Dr. Wilson and his wife owned the home as tenants in common and not tenants by the entirety. *See id*. at 1-2. Specifically, Premier Bank claimed that, under Maryland law, in order for property owners to become tenants by the entirety, the deed conveying the property must expressly so provide. *See id.* Because the deed that conveyed the home to Dr. Wilson and his wife stated that the property was being conveyed to "Robert Wilson and Paula Bourelly" without indicating that they were spouses or that they intended to acquire the property as tenants by the entirety, Premier Bank argued that Dr. Wilson and his wife took ownership of the home as tenants in common. *See id.*

2

Subsequently, Dr. Wilson amended his Schedule B, which included a list of claimed personal property exemptions, to reflect a potential claim for legal malpractice against Appellant on the basis that Appellant did not properly prepare the deed that conveyed the home. *See* No. 12-bk-32715, ECF No. 164. Then, on December 19, 2013, Dr. Wilson's wife filed a separate adversary complaint against various creditors to the estate pursuant to Fed.R.Bankr.P. 7003 seeking a declaratory judgment from the Bankruptcy Court that the home was owned by Dr. Wilson and his wife as tenants by the entirety, or, in the alternative, permitting Dr. Wilson and his wife to correct the mistaken deed. *See* ECF No. 1-2. In the adversary complaint, Dr. Wilson's wife claimed that "[t]he [d]eed to the property was inaccurately prepared and recorded by [Appellant] and the omission of ownership by tenancy by the entireties is exclusively the result of [Appellant's] mistake." *Id.* at ¶ 23.

As the propriety of the deed transferring Dr. Wilson's home was in dispute in both the underlying Chapter 7 proceeding as well as the adversary proceeding, Appellant filed a motion to intervene in both actions in order to defend the deed. *See* No. 13-bk-00791, ECF No. 16; *see also* No. 12-bk-32715, ECF No. 186. Two of Dr. Wilson's creditors opposed Appellant's motions. *See* No. 13-bk-00791, ECF Nos. 18, 27; *see also* No. 12-bk-32715, ECF No. 198. On March 5, 2014, the Bankruptcy Court denied Appellant's motions and entered a one-sentence "note" on the respective dockets stating that "[Appellant's] interests are adequately protected by [Dr. Wilson and his wife]." *See* No. 13-bk-00791, ECF No. 33; *see also* No. 12-bk-32715, ECF No. 204. On March 19, 2014, Appellants filed notices of appeal in both proceedings. *See* No. 13-bk-00791, ECF No. 37; *see also* No. 12-bk-32715, ECF No. 213. Given that the two appeals involve common questions of law or fact, this Court, *sua sponte*, consolidated the actions. *See*

3

Case No. 8:14-cv-01307, ECF No. 7. For the reasons discussed below, the Court will AFFIRM the Bankruptcy Court's orders denying Appellant's motions to intervene.

## II. STANDARD OF REVIEW

Denials of motions to intervene are regarded as appealable final judgments. *See Bridges v. Dep't of Maryland State Police*, 441 F.3d 197, 207 (4th Cir. 2006). When reviewing a bankruptcy court's final judgment, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed *de novo* and findings of fact are reviewed for clear error. *In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). Thus, "[t]he standard of review for the bankruptcy judge's denial of intervention of right under Rule 24(a)(2) is *de novo*[,]" *In re Midway Airlines, Inc.*, 154 B.R. 248, 252 (N.D. Ill. 1993), while a denial of permissive intervention under Rule 24(b) by a bankruptcy judge is reviewable under an abuse of discretion standard. *See Francis v. Chamber of Commerce*, 481 F.2d 192, 194-95 (4th Cir. 1973).

## III. DISCUSSION

### A. Intervention in the Adversary Proceeding (No. 12-bk-32715)

Intervention in an adversary proceeding, unlike intervention in a bankruptcy proceeding under the Bankruptcy Code, is governed by Fed.R.Civ.P. 24. *See* Fed.R.Bankr.P. 7024 (applying Fed.R.Civ.P. 24 to adversary proceedings). Accordingly, Appellant's Motion to Intervene in Adversary Proceedings will be evaluated against the standard used under Fed.R.Civ.P. 24. Here, Appellant has sought to intervene in the adversary proceeding as a matter of right under Rule 24(a) and permissively under Rule 24(b). *See* ECF No. 1-8 at 4-9.

#### 1. Rule 24(a) – Intervention as of Right

A party may intervene by right upon a showing, by timely motion, that the party:

4

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2). As such, Rule 24(a) mandates a showing by the moving party that: (1) the application is timely; (2) the movant has an interest in the subject matter of the action; (3) disposition of the action may practically impair or impede the movant's ability to protect that interest; and (4) that interest is not adequately represented by the existing parties. *See Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Asso.*, 646 F.2d 117, 120 (4th Cir.1981). Appellant "must satisfy all four elements of the Rule in order to intervene as of right." *Jones v. Prince George's Cnty., Maryland*, 348 F.3d 1014, 1019 (D.C. Cir. 2003). Here, Appellant has failed to demonstrate how the denial of its motion to intervene would impair or impede its ability to adequately protect its interests.

Appellant argues that denial of its motion to intervene would impair its ability to protect its interests because the possible preclusive effect of the Bankruptcy Court's rulings could make it difficult for Appellant to defend itself against any future malpractice claim brought by Dr. Wilson. *See* ECF No. 2 at 8-10. Specifically, Appellant contends that if the Bankruptcy Court concludes that Dr. Wilson and his wife own their home as tenants in common (as opposed to tenants by the entirety), that ruling could be binding against it under principles of *res judicata* in any subsequent malpractice action and would potentially eliminate its "ability to defend" the deed. *Id.*

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314-15 (4th Cir. 1996). Thus, a claim is barred under *res judicata* when three elements are met:

5

> (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citing *In re Varat Enters.*, 81 F.3d at 1315. "In order for *res judicata* to bar litigation, all three must be present." *In re Snow*, 270 B.R. 38, 40 (D. Md. 2001). Even if Appellant satisfied the first and third elements, Appellant has failed to satisfy the second.

Appellant concedes that it was not a party to the prior bankruptcy litigation. *See* ECF No. 2 at 8. The parties in that action would therefore not be *identical* to the parties to a subsequent malpractice action brought against Appellant by Dr. Wilson. Thus, the only way *res judicata* would apply would be if Appellant was in privity with Dr. Wilson. Appellant claims that it is in privity with Dr. Wilson pursuant to the "doctrine of virtual representation." *See* ECF No. 4 at 10-11. Under that doctrine, "a nonparty to an action may be bound by the judgment under *res judicata* if one of the parties to the action is so closely aligned with the interests of the nonparty as to be his virtual representative." *Id.* (citing *Klugh v. U.S.*, 818 F.2d 294, 300 (4th Cir. 1987). The extension of the preclusive effect of a judgment to nonparties through the doctrine of virtual representation, however, was disapproved by the Supreme Court in *Taylor v. Sturgell*, 553 U.S. 880 (2008).

In *Taylor*, the Supreme Court emphasized the due process limits on affording judgments preclusive effect against nonparties. *Id*. at 892-93. Recounting the "'deep-rooted historic tradition that everyone should have his own day in court'" (*id.* (quoting *Richards v. Jefferson Cnty.*, 517 U.S. 793, 798 (1996)), the Court restated the "general rule that 'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has

6

not been made a party by service of process.'" *Id.* at 893 (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)).  Nevertheless, the Court recognized that "the rule against nonparty preclusion is subject to exceptions." *Id.* at 893.  The Court then went on to identify six categories of exceptions to the general rule forbidding nonparty preclusion.  *See id*. at 893-895.

      First, a "person who agrees to be bound by the determination of issues in an action between others is bound . . . ." *Id.* at 893.  Second, certain "pre-existing substantive legal relationships between the person to be bound and a party to the judgment" will bind certain non-parties.  *Id.* at 894 (internal quotations omitted).  Third, "in certain limited circumstances, a nonparty may be bound by a judgment [if] she was adequately represented by someone with the same interests who was a party to the suit." *Id*. at 893-94 (internal quotation omitted).  Fourth, "a nonparty is bound by a judgment if she assumed control over the litigation in which the judgment was rendered." *Id*. at 895 (internal quotation omitted).  Fifth, "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy." *Id*.  Sixth, "in certain circumstances, a special statutory scheme may expressly foreclose successive litigation by nonlitigants . . . if the scheme is otherwise consistent with due process." *Id*.

      Of these six recognized exceptions, the only one that could conceivably apply here is the "adequate representation" exception.  For purposes of nonparty preclusion, however, the Supreme Court has unequivocally stated that the "adequate representation exception" only applies "in certain *limited circumstances*." *Id.* at 894 (emphasis added).  Indeed, the Supreme Court identified certain "[r]epresentative suits with preclusive effect on nonparties [to] include properly conducted class actions, and suits brought by trustees, guardians, and other fiduciaries." *Id.*  This case is not one of the representative suits identified by the Supreme Court in which nonparty preclusion might apply.

7

Furthermore, the Supreme Court explained that "representation is 'adequate' for purposes of nonparty preclusion *only if* (at a minimum) one of [] two circumstances is present": (1) "special procedures to protect the nonparties' interests" or (2) "an understanding by the concerned parties that the first suit was brought in a representative capacity." *Id*. at 897 (emphasis added) (citing *Richards*, 517 U.S. at 801-02). Neither of the required circumstances is present in this case. Accordingly, Appellant has failed to demonstrate how, as a nonparty, it could be bound by the judgments of the Bankruptcy Court. The Court therefore finds that Appellant has failed to show how the disposition of the Dr. Wilson's wife's adversary proceeding would, as a practical matter, impair its ability to protect its interests. As such, the Bankruptcy Court's decision to deny Appellant's intervention of right under Rule 24(a)(2) is affirmed.[1]

### 2.     Rule 24(b) – Permissive Intervention

In the alternative, Appellant seeks permissive intervention under Fed.R.Civ.P. 24(b). *See* ECF No. 2 at 10-12. Permissive intervention under Rule 24(b)(2) may be appropriate upon "timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2). Unlike the Court's *de novo* review of the Bankruptcy Court's denial of intervention of right under Rule 24(a), the Court reviews the Bankruptcy Court's denial of permissive intervention under the highly deferential abuse of discretion standard. *See New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d

---

[1] The Court recognizes that the Bankruptcy Court found that Appellant's rights were "adequately protected" for purposes of Fed.R.Civ.P. 24(a)(2), while this Court has determined that the representation was not adequate under the standards set forth by the Supreme Court for non-party preclusion. The Court need not resolve any possible tension between these two holdings, as this Court's determination leads to the ultimate conclusion that a necessary element of Fed.R.Civ.P.24(a)(2) was not met and that the denial of Appellant's motion to intervene was therefore proper.

8

452, 471 (5th Cir. 1984); *see also In re Ganey*, 941 F.2d 1206 (4th Cir. 1991) ("denial of permissive intervention may be appealed, although it will be reversed on appeal only for abuse of discretion"); *In re Bernal*, 223 B.R. 542, 546 (B.A.P. 9th Cir. 1998) *aff'd*, 207 F.3d 595 (9th Cir. 2000) ("A decision to deny a motion for permissive intervention is reviewed for abuse of discretion.").

Under this standard, it is not the Court's "task . . . to determine whether the factors of Rule 24(b) were present, but is rather to determine whether the [bankruptcy] court committed a clear abuse of discretion in denying the motion." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996). Accordingly, the Court must affirm under the abuse of discretion standard unless it "determine[s] that the [bankruptcy] court has made a clear error of judgment, or has applied an incorrect legal standard." *Id.* This means that "under the abuse of discretion standard of review there will be occasions in which we affirm the [bankruptcy] court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a *de novo* standard of review." *Macklin v. Singletary,* 24 F.3d 1307, 1311 (11th Cir.1994). Under this highly deferential standard, the Court cannot say that the Bankruptcy Court made a clear error of judgment or misapplied the law in denying Appellant's motion to intervene permissively. The Bankruptcy Court denied the Motion to Intervene based on its view that the interests of the Appellant's were "adequately protected" by Dr. Wilson. *See* No. 13-bk-00791, ECF No. 33; *see also* No. 12-bk-32715, ECF No. 204. Although this Court has determined that Appellant's interests were not "adequately protected" by the interests of Dr. Wilson for the purpose of triggering an exception to the rule against nonparty preclusion, as it was elucidated by the Supreme Court in *Taylor;* on this record, this Court cannot say that the Bankruptcy Court abused its discretion by deciding Appellant's interests were "adequately

protected" for the purposes of declining to allow Appellant to permissively intervene under Fed.R.Civ.P.24(b).

2.  **Intervention in the Chapter 7 Bankruptcy Proceeding (No. 13-bk-00791)**

Appellant has also sought to intervene in Dr. Wilson's underlying Chapter 7 bankruptcy proceeding.  *See* No. 12-bk-32715, ECF No. 186.  Intervention in Chapter 7 bankruptcy proceedings is governed by Fed.R.Bankr.P. 2018(a).  Rule 2018(a) provides that "[i]n a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." Fed.R.Bankr.P. 2018(a).

In deciding whether to permit intervention under Rule 2018(a), courts look to various factors, including (1) whether the moving party has an economic or similar interest in the matter; (2) whether the interest of the moving party are adequately represented by the existing parties; (3) whether the intervention will cause undue delay to the proceedings; and (4) whether the denial of the movant's request will adversely affect their interest.  *See e.g.*, *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr. S.D .N.Y. 1989); *In re Torrez*, 132 B.R. 924, 936 (Bankr. E.D. Cal.1991); *In re City of Bridgeport*, 128 B.R. 686, 687–88 (Bankr. D. Conn. 1991).  The Court need not address all four factors, however, because, as discussed *supra* Section III.A.1, denial of Appellant's motion to intervene would not impair its ability to protect its interests; thus their interests will not be adversely affected.   Accordingly, the Bankruptcy Court's Order denying Appellant's Motion to Intervene in Chapter 7 Proceedings is affirmed.

10

## VI. CONCLUSION

For the aforementioned reasons, the Orders from the Bankruptcy Court are AFFIRMED.

Dated: September 23, 2014                                          /S/
George Jarrod Hazel
United States District Judge